IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY WALKER | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. _____ |
| | ) |
| MARRIOTT HOTEL SERVICES, INC. | ) |
| | ) |
|     Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Marriott Hotel Services, Inc., pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes this action from the Davidson County Circuit Court to the United States District Court for the Middle District of Tennessee, Nashville Division. In support of removal, Defendant states:

### COMMENCEMENT OF ACTION IN STATE COURT

1. Plaintiff Jerry Walker ("Plaintiff") commenced this civil action in the Circuit Court for Davidson County, Tennessee, at Nashville, Case No. 14C4217, on October 3, 2014, by filing a Complaint against Defendant alleging that it had constructively discharged Plaintiff in retaliation for his filing a claim for workers' compensation in violation of Tennessee common law. Plaintiff served a copy of the Complaint via certified mail on October 3, 2014. (*See* Summons and Complaint included in *Exhibit A* attached hereto.) A copy of the Complaint was received by Defendant on or about October 7, 2014.

2. This Notice is timely filed within thirty (30) days of service of the Complaint.

3. The events alleged by Plaintiff giving rise to this claim allegedly occurred in Davidson County, Tennessee. (*See* Plaintiff's Complaint, ¶ 3). Thus, venue properly lies in the United States District Court for the Middle District of Tennessee, Nashville Division.

4. Under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants, are attached hereto as composite *Exhibit A*.

5. Under 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed with the Chancery Court of Davidson County, Tennessee, a copy of which is attached hereto as *Exhibit B*.

## DIVERSITY OF CITIZENSHIP

6. Plaintiff represents that he is a resident and citizen of the State of Tennessee. (*See* Complaint, ¶ 1).

7. Defendant Marriott Hotel Services, Inc., since the commencement of this action, and through and including the time of this removal, has been a Delaware corporation, and has had its principal place of business in the State of Maryland. (*See* printout from the Tennessee Secretary of State, Exhibit C). Accordingly, Defendant is a citizen of the states of Delaware and Maryland for purposes of 28 U.S.C. § 1332(a)(1).

8. Therefore, the diversity-of-citizenship requirement is satisfied in this action because diversity of citizenship existed between Plaintiff and Defendant at the time of the commencement of the state-court action and at the time of removal. 28 U.S.C. § 1332(a).

## THE AMOUNT OF CONTROVERSY EXCEEDS $75,000

9. This action is removable to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). This Court has original jurisdiction over this civil action because the

amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the Parties.

10. Plaintiff seeks an unspecified amount of actual and compensatory damages, including back pay, front pay, and damages for alleged emotional distress, as well as punitive damages and discretionary costs. (*See* Plaintiff's Complaint, ¶ 22 and Plaintiff's prayer for relief, ¶¶ 2–4 p. 4). Here, Plaintiff's action is removable as it is "more likely than not" that the amount in controversy requirement is met due to the nature of the relief sought. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007).

11. Defendant employed Plaintiff at Gaylord Opryland in Madison, Tennessee from approximately March 18, 2013 to October 11, 2013. (Andrea Yelk Dec., ¶ 3) (attached hereto as *Exhibit D*). Based his gross compensation through the end of his employment with Defendant, Plaintiff's average monthly wage was approximately $2,673.75. (*Id.* ¶ 4). Accordingly, Plaintiff's potential back pay from the end of his employment until the time of removal (roughly 13 months) is approximately $34,758.75. (*Id.* ¶ 4).

12. Plaintiff also seeks an unspecified sum for front pay damages. Although Defendant denies that such relief would be appropriate, front pay damages in retaliatory discharge cases brought under the common law could potentially be measured in a period of years. *See Mountjoy v. City of Chattanooga*, 2002 WL 707467, **5–6 (Tenn. Ct. App. Apr. 23, 2002) (attached hereto as Exhibit E) (upholding jury verdict awarding front pay that, based on expert testimony, was three times greater than the plaintiff's back pay damages). When added to potential back pay damages, front pay damages of approximately 15 months would alone bring Plaintiff's total recoverable monetary damages over the jurisdictional threshold.

-3-

13. In addition, Plaintiff is seeking an award of compensatory damages for alleged "emotional distress." (*See* Plaintiff's Complaint, ¶ 22). Plaintiff's compensatory damages, if recovered, may include a variety of intangible, non-economic losses which Courts consider in determining whether the value of Plaintiff's claims potentially exceed the jurisdictional minimum. *See Mitchell v. White Castle Sys., Inc.*, No. 94–1193, 1996 WL 279863, at *2 (6th Cir. May 24, 1996) (per curiam) (attached hereto as Exhibit F); *Foxx v. Healix Infusion Therapy, Inc.*, 2012 WL 6554393, *2 (E.D. Tenn. Dec. 13, 2012) (attached hereto as Exhibit G).

14. Plaintiff also seeks an unspecified amount of punitive damages. (*See* Complaint, Plaintiff's prayer for relief ¶¶ 2-4 p. 4). Although Plaintiff carries a heavy burden to show he is entitled to punitive damages, a potential punitive damage award could exceed the jurisdictional minimum by itself. *See Coffey v. Fayette Tubular Products*, 929 S.W.2d 326, 331 (Tenn. 1996).

15. Thus, although Defendant contends that Plaintiff is not entitled to any damages in this action whatsoever, for removal and diversity jurisdictional purposes only, considering the value of Plaintiff's potential claims and even assigning conservative estimates for each element of Plaintiff's claimed damages, it is established by a preponderance of the evidence that the amount in controversy, as of the date of the Notice of Removal, exceeds $75,000.00, exclusive of interest and costs.

16. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332(a). Removal is appropriate pursuant to 28 U.S.C. § 1441(b) because a preponderance of the evidence (*i.e.*, the relief requested in Plaintiff's Complaint) suggests that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

**WHEREFORE,** on the basis of the foregoing, Defendant respectfully submits that removal of this action from the Circuit Court of Davidson, County, Tennessee to this Court is proper.

This 5th day of November, 2014.

Respectfully submitted,

/s/ Mark E. Stamelos

Mark E. Stamelos (TN 021021)
Joshua J. Sudbury (TN 028162)
**FORDHARRISON LLP**
150 3rd Avenue South
Suite 2010
Nashville, Tennessee 37201
Telephone: (615) 574-6700
Facsimile: (615) 574-6701
mstamelos@fordharrison.com
jsudbury@fordharrison.com

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served upon the following via U.S. Mail this 5th day of November, 2014:

Christopher Kim Thompson (TN 015895)
Thompson Law Group PLLC
301 South Perimeter Park Drive
Suite 218
Nashville, TN 37211
Telephone: (615) 832-2335
Facsimile: (615) 832-2335
kthompson@tlgpllc.com

/s/

Counsel for Defendant

WSACTIVELLP:7129425.1