# *Exhibit A*

Copy

## STATE OF TENNESSEE
### DAVIDSON COUNTY
### 20TH JUDICIAL DISTRICT

2014 OCT -3 AM 10: 25

RICHARD R ROOKER, CLERK

☑ First
☐ Alias
☐ Pluries

Jerry Walker

_____

_____

**Plaintiff**

Vs.

Marriott Hotel Services, Inc.

_____

_____

_____

**Defendant**

CIVIL ACTION
DOCKET NO. 14C4217

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☒ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

D1 w/ d, EXH

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 10 · 3 · 14

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | C. Kim Thompson |
| --- | --- |
| | 301 South Perimeter Park, Suite 218 |
| | Address |
| | Nashville, TN 37211 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20_____.

_____

**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.



IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

FILED

2014 OCT -3 AM 10: 25

RICHARD R ROOKER, CLERK

No. _____ D.C.

14C4217

| | |
|---|---|
| JERRY WALKER, | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) |
| | ) |
| MARRIOTT HOTEL | ) |
| SERVICES, INC., | ) |
| Defendants. | ) |

## COMPLAINT FOR RETALIATORY DISCHARGE

Comes now the Plaintiff, Jerry Walker, and files this complaint stating as follows:

1.  Jerry Walker is a citizen and resident of Nashville, Davidson County, Tennessee.

2.  Marriott Hotel Services, Inc. (Marriott Hotel) was the employer of Jerry Walker at all times relevant to this complaint. Marriott Hotel at all relevant times to this complaint was operating under an assumed name known as Gaylord Hotels. Upon information and belief, Marriott Hotel's agent for service of process is Corporate Creations Network, Inc., 205 Powell Place, Brentwood, Tn. 37027-7522. Marriott Hotel's principal address is Bethesda, Maryland.

3.  All events that occurred in this case happened in Davidson County, Tennessee. Pursuant to TCA 20-4-104 venue is proper.

4.  Plaintiff was first employed by Defendant in March of 2013 as a transportation supervisor.

5.  On August 14, 2013, Plaintiff suffered a compensable injury to his low back from tugging on a seat in a motor coach owned by Marriott.

1

Copy

6.     Plaintiff gave proper notice to the Defendant of his work injury and the Defendant provided Plaintiff with a doctor to go to and be treated for the injury.

7.     Following and because of the work injury, Plaintiff was out of work for a period of time but was provided with a return to work slip by his doctor, Dr. James Fish, to return to work on September 18, 2013.

8.     Plaintiff gave the return to work slip to his supervisor, Rachel Thibodeau. At all times, Thibodeau an employee of the Defendant was acting on behalf of the Defendant.

9.     The return to work slip limited him to no lifting over 40 pounds, No Prolonged Standing and limited continuous bending, stooping, lifting, twisting. See Exhibit 1.

10.     Upon returning to work, Plaintiff resumed his job duties as a transportation supervisor but his supervisor, Thibodeau, was insisting on Plaintiff standing more than the limitations in his return to work slip.

11.     The prolonged standing became so unbearable that Plaintiff was forced to notify Defendant he was quitting and he gave notice by email to his supervisor, Rachel Thibodeau on September 27, 2013 that he would be leaving in two weeks. The reason he gave did not include all the reasons for his leaving the employment.

12.     Plaintiff following his return to work on September 18, 2013 had complained about the excessive pain he was experiencing from the prolonged standing.

13.     On October 8, 2013, Plaintiff was aggressively approached by Rachel Thibodeau about his work performance. Thibodeau got in his face and told him "do we have a problem with your standing because your note says you can stand one hour".

2



14. Plaintiff was surprised at this statement because he was not aware of any specific notes on his return to work slip that he could stand for one hour.

15. After further words were exchanged between the two, his supervisor, Thibodeau, on October 8, 2013 brought in a return to work slip dated September 18, 2013 which included the additional words "OK for an Hour". Plaintiff had never seen this modified doctor note before this day. See Exhibit 2.

16. On October 10, 2013, Plaintiff had an exit interview with Holly Hubbs (sic) in Human Resources and at that time he explained that he had no choice but to leave the employment because he was in unbearable pain from his back injury and was being asked to work beyond his restrictions by his supervisor which had changed the wording in the return to work slip.

17. Plaintiff ended his employment with Defendant on October 11, 2013.

18. Plaintiff would show that an employment-at-will relationship existed between he and Defendant.

19. Plaintiff would show that he was constructively discharged from his employment with Defendant because Defendant was forcing Plaintiff to violate his work restrictions making work conditions unbearable and intolerable.

20. Plaintiff would show that the reason for his constructive discharge was that he was attempting to exercise his rights pursuant to the workers compensation claim that he made by not being allowed to work with medically recommended physical restrictions that would not further aggravate his back injury which is a clear violation of public policy.



21.    Plaintiff would show that the substantial factor for his constructive discharge was because of his making a claim for workers compensation benefits.

22.    Plaintiff would show that he has a loss of earnings and benefits because of this discharge and has experienced emotional distress.

PREMISES CONSIDERED, PLAINTIFF PREYS:

1.    That this complaint be filed with the summons to be served upon the Defendant to answer within the required time as allowed by law.

2.    That upon a trial in this cause he be awarded an appropriate amount of damages for lost income, benefits, emotional distress and expenses incurred.

3.    That there be a judgment against the Defendant for punitive damages.

4.    That Plaintiff be awarded his costs and discretionary costs.

5.    That Plaintiff be granted what other and further relief as may be deemed appropriate by the Court.

Respectfully submitted,

THOMPSON LAW GROUP, PLLC
Christopher Kim Thompson, Bar # 015895
301 South Perimeter Park Drive, Suite 218
Nashville, Tn. 37211
(615) 832-2335
*fax* (615) 832-2235
kthompson@tlgpllc.com

4

Copy

FILED

IN THE EIGHTH CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

JERRY WALKER,

    Plaintiff,

vs

MARRIOTT HOTEL
SERVICES, INC.,

    Defendant.

]
]
]
]
]
]
]
]
]
]

No. 14C4217

Jury Demand

AMENDED COMPLAINT FOR RETALIATORY DISCHARGE

Comes now the Plaintiff, Jerry Walker, and files this complaint stating as follows:

1.    Jerry Walker is a citizen and resident of Nashville, Davidson County, Tennessee.

2.    Marriott Hotel Services, Inc. (Marriott Hotel) was the employer of Jerry Walker at all times relevant to this complaint. Marriott Hotel at all relevant times to this complaint was operating under an assumed name known as Gaylord Hotels. Upon information and belief, Marriott Hotel's agent for service of process is Corporate Creations Network, Inc., 205 Powell Place, Brentwood, Tn. 37027-7522. Marriott Hotel's principal address is Bethesda, Maryland.

3.    All events that occurred in this case happened in Davidson County, Tennessee. Pursuant to TCA 20-4-104 venue is proper. ·

4.    Plaintiff was first employed by Defendant in March of 2013 as a transportation supervisor.

5.    On August 14, 2013, Plaintiff suffered a compensable injury to his low back from tugging on a seat in a motor coach owned by Marriott.

1

Copy

6.      Plaintiff gave proper notice to the Defendant of his work injury and the Defendant provided Plaintiff with a doctor to go to and be treated for the injury.

7.      Following and because of the work injury, Plaintiff was provided with a work slip by his doctor, Dr. James Fish, to work on September 18, 2013 with certain specific restrictions.

8.      Plaintiff gave the work slip to his supervisor, Rachel Thibodeau. At all times, Thibodeau an employee of the Defendant was acting on behalf of the Defendant.

9.      The work slip limited him to no lifting over 40 pounds, No Prolonged Standing and limited continuous bending, stooping, lifting, twisting. See Exhibit 1.

10.     Following the injury, Plaintiff continued in his job duties as a transportation supervisor but his supervisor, Thibodeau, was insisting on Plaintiff standing more than the limitations in his work slip from Dr. Fish.

11.     The prolonged standing became so unbearable that Plaintiff was forced to notify Defendant he was quitting and he gave notice by email to his supervisor, Rachel Thibodeau on September 27, 2013 that he would be leaving in two weeks. The reason he gave did not include all the reasons for his leaving the employment.

12.     Plaintiff had been complaining about the excessive pain he was experiencing from the prolonged standing.

13.     On October 8, 2013, Plaintiff was aggressively approached by Rachel Thibodeau about his work performance. Thibodeau got in his face and told him "do we have a problem with your standing because your note says you can stand one hour".

14.     Plaintiff was surprised at this statement because he was not aware of any specific notes on his work slip that he could stand for one hour.

2

Copy

15. After further words were exchanged between the two, his supervisor, Thibodeau, on October 8, 2013 brought in a work slip dated September 18, 2013 which included the additional words "OK for an Hour". Plaintiff had never seen this modified doctor note before this day. See Exhibit 2.

16. On October 10, 2013, Plaintiff had an exit interview with Holly Hubbs in Human Resources and at that time he explained that he had no choice but to leave the employment because he was in unbearable pain from his back injury and was being asked to work beyond his restrictions by his supervisor which had changed the wording in the return to work slip.

17. Plaintiff ended his employment with Defendant on October 11, 2013.

18. Plaintiff would show that an employment-at-will relationship existed between he and Defendant.

19. Plaintiff would show that he was constructively discharged from his employment with Defendant because Defendant was forcing Plaintiff to violate his work restrictions making work conditions unbearable and intolerable.

20. Plaintiff would show that the reason for his constructive discharge was that he was attempting to exercise his rights pursuant to the workers compensation claim that he made by not being allowed to work within the medically recommended physical restrictions that would not further aggravate his back injury which is a clear violation of public policy.

21. Plaintiff would show that the substantial factor for his constructive discharge was because of his making a claim for workers compensation benefits.

3

Copy

22.     Plaintiff would show that he has damages to include but not limited to a loss of earnings and benefits because of this discharge, has experienced emotional distress and impaired his credit.

PREMISES CONSIDERED, PLAINTIFF PREYS:

1.     That this complaint be filed with the summons to be served upon the Defendant to answer within the required time as allowed by law.

2.     That upon a trial in this cause he be awarded an appropriate amount of damages for lost income, benefits, emotional distress, other damages and expenses incurred.

3.     That there be a judgment against the Defendant for punitive damages.

4.     That Plaintiff be awarded his costs and discretionary costs.

5.     That Plaintiff be granted what other and further relief as may be deemed appropriate by the Court.

Respectfully submitted,

THOMPSON LAW GROUP, PLLC
Christopher Kim Thompson, Bar # 015895
301 South Perimeter Park Drive, Suite 218
Nashville, Tn. 37211
(615) 832-2335
*fax* (615) 832-2235
kthompson@tlgpllc.com

4

Copy

# EXHIBIT 1

Copy



**Premier Orthopaedics & Sports Medicine, PLC**

FILED
2014 OCT -9 PM 12: 18 677816
W.
D.C.

☐ **Harding Place Care Center**
394 Harding Place, Suite 200
Nashville, TN 37211
Ph. 615-834-4482 · Fax: 615-834-4722

☐ **Smyrna Care Center**
300 Stonecrest Blvd., Suite 230
Smyrna, TN 37167
Ph. 615-355-0533 · Fax: 615-355-0957

☐ **Brentwood East Care Center**
6716 Nolensville Pike, Suite 200
Brentwood, TN 37027
Ph. 615-941-1550 · Fax: 615-941-1554

___ R. James Renfro, Jr., M.D.
___ Joseph A. Wieck, M.D.
___ Malcom E. Baxter, M.D.

___ Daniel J. McHugh, M.D.
___ William C. Mayfield, III, M.D.
X James M. Fish, D.O.

___ Paul A. Abbey, M.D.
___ James J. Lohse, M.D.
___ Christopher P. Kauffman, M.D.

___ Jeff Ray, PA

## Work Status Report

Patient: **Jerry Walker**     Date: **9-18-13**

Employer: _____

Fax Number: _____ Date and/or Time Faxed: _____ Sent to: _____

Preliminary Diagnosis: _____

Return to: No work for: _____ Limited work on: _____ Regular work on: _____

### Limitations

**Neck**

___ Avoid lifting more than _____ pounds.

___ No work in an outstretched or overhead position.

**Back**

X Full work with back support.

X Avoid lifting more than **40** pounds.

X No limit continuous bending, stooping, lifting, twisting.

*No prolonged Standing.*

**Upper Extremities**

___ Full work with splint, cast, or brace.

___ No/limit work in an outstretched or overhead position.

___ No/limit work involving affected extremity involving continuous grasping, twisting, etc.

___ No/limit repetitive activities.

___ No/limit push/pull activities.

___ Avoid lifting more than _____ pounds.

___ Other _____

**Lower Extremities**

___ Full work with support.

___ Full work while sitting. Limited walking, standing. Must sit 5-10 minutes every _____ hours.

___ No/limit kneeling, climbing, squating, stooping.

### Recommendations

Medications: **Mobic 15q.**

Physical Therapy: **TSO Brace**

Testing: _____

Surgery: **EST - Lumbar**

Remarks: _____

Reevaluation/Return Appointment: **1 month**

Physician Signature: **Fish, MD**

*NOTE: Tampering with this document is strictly prohibited.*

EXHIBIT
1

Copy

# EXHIBIT 2

Copy

FILED



# Premier Orthopaedics & Sports Medicine, P.C.

☐ **Harding Place Care Center**
394 Harding Place, Suite 200
Nashville, TN 37211
Ph. 615-834-4482 · Fax: 615-834-4722

☐ **Smyrna Care Center**
300 Stonecrest Blvd., Suite 230
Smyrna, TN 37167
Ph. 615-355-0533 · Fax: 615-355-0957

☐ **Brentwood East Care Center**
6716 Nolensville Pike, Suite 200
Brentwood, TN 37027
Ph. 615-941-1550 · Fax: 615-941-1554

___ R. James Renfro, Jr., M.D.
___ Joseph A. Wieck, M.D.
___ Malcom B. Baxter, M.D.

___ Daniel J. McHugh, M.D.
___ William C. Mayfield, III, M.D.
X James M. Fish, D.O.

___ Paul A. Abbey, M.D.
___ James J. Lohse, M.D.
___ Christopher P. Kauffman, M.D.

___ Jeff Day, PA

## Work Status Report

Patient: Jerry Walker   Date: 9-18-13

Employer: _____

Fax Number: _____   Date and/or Time Faxed: _____   Sent to: _____

Preliminary Diagnosis: _____

Return to: No work for: _____   Limited work on: _____   Regular work on: _____

### Limitations

**Neck**
___ Avoid lifting more than _____ pounds.
___ No work in an outstretched or overhead position.

**Back**
X Full work with back support.
X Avoid lifting more than 40 pounds.
X No/limit continuous bending, stooping, lifting, twisting.

No prolonged Standing.

*OK for an hr*

**Upper Extremities**
___ Full work with splint, cast, or brace.
___ No/limit work in an outstretched or overhead position.
___ No/limit work involving affected extremity involving continuous grasping, twisting, etc.
___ No/limit repetitive activities.
___ No/limit push/pull activities.
___ Avoid lifting more than _____ pounds.
___ Other _____

**Lower Extremities**
___ Full work with support.
___ Full work while sitting. Limited walking, standing. Must sit 5-10 minutes every _____ hours.
___ No/limit kneeling, climbing, squatting, stooping.

### Recommendations

Medications: Mobic 15q.

Physical Therapy: LSO Brace

Testing: _____

Surgery: EST - Lumbar - 10/16

Remarks: _____

Reevaluation/Return Appointment: 1 month

Physician Signature: _____ Fish, MD

NOTE: Tampering with this document is _____

EXHIBIT
2