IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JERRY WALKER )
)
v. ) NO. 3-14-2170
) JUDGE CAMPBELL
MARRIOTT HOTEL )
SERVICES, INC. )

MEMORANDUM

Pending before the Court is Plaintiff's Motion to Remand (Docket No. 6). For the reasons stated herein, Plaintiff's Motion is DENIED.

FACTS

Plaintiff filed this action in state court, alleging a claim for constructive discharge in retaliation for his filing a workers' compensation claim. Defendant removed the action to this Court, pursuant to 28 U.S.C. § 1441. Plaintiff maintains that, pursuant to 28 U.S.C. § 1445(c), removal was improper because his claim arises under the workers' compensation laws of Tennessee and, therefore, may not be removed to federal court.

REMOVAL

Federal law provides that a civil action in any state court arising under the workers' compensation laws of that state may not be removed to any district court of the United States. 28 U.S.C. § 1445(c). Relying on *Thompson v. Cort Furniture Rental Corp.*, 797 F.Supp. 618 (W.D. Tenn. 1992), this Court has previously held that a suit alleging that an employee was discharged in retaliation for filing a worker's compensation claim "arises under" Tennessee's workers' compensation law and, therefore, is not removable to federal court. *Medlin v. Honeywell Analytics, Inc.*, 2012 WL 511997 at n.10 (M.D. Tenn. Feb. 15, 2012) and *Brown v. Fedex Freight, Inc.*, 2010 WL 1963385 at * 1 (M.D. Tenn. May 17, 2010).

Recognizing a split of authority, the Court has revisited this issue in light of opinions of the Tennessee Supreme Court, the Sixth Circuit Court of Appeals and Tennessee District Courts. In *Harper*

*v. AutoAlliance Intern., Inc.*, 392 F.3d 195 (6th Cir. 2004), the court held that a civil action arises under[1] a state workers' compensation law when either (1) the workers' compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workers' compensation law. *Id*. at 203.

*Harper* (which dealt with Michigan law) noted that the state workers' compensation law, which is similar to Tennessee's, failed to specify a remedy for retaliation or even a means to enforce the right to be protected from retaliation. *Harper*, 392 F.3d at 203. Employees who suffer retaliation are not without a remedy in Michigan, however, because Michigan courts have recognized a common law exception to the at-will employment doctrine for discharges that violate public policy. *Id*. The court held that claims for retaliation (because an employee exercised his rights under the workers' compensation law) are removable because their existence is not necessarily dependent upon the procedures or remedies provided by the workers' compensation laws. *Id*. at 208.

A Tennessee cause of action for retaliatory discharge was first recognized by the Tennessee Supreme Court in *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984). In *Clanton*, the court acknowledged that the state's workers' compensation law did not explicitly create a retaliatory discharge cause of action. *Clanton*, 677 S.W. 2d at 445. Although the retaliatory discharge cause of action had its origins in a workers' compensation context, the court has extended its reach to numerous other contexts. *Goin v. Bass Pro Outdoor World, LLC*, 437 F.Supp.2d 762, 765 (W.D. Tenn. 2006). This broad scope underscores the court's recognition that retaliatory discharge is a common law tort rather than a statutorily created cause of action. *Id*.[2]

---

[1] The Sixth Circuit found that the phrase "arising under" in 28 U.S.C. § 1445(c) has essentially the same meaning as "arising under" in the federal question statute, 28 U.S.C. § 1331.

[2] In *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 899 (Tenn. 1992), the Tennessee Supreme Court referred to its recognition in *Clanton* of a *common law tort action* for retaliatory discharge.

In a non-published opinion, the Sixth Circuit held that a retaliatory discharge claim based upon the employee's pursuit of workers' compensation benefits did not arise under Tennessee's workers' compensation laws.[3] *Nixon v. Waste Management, Inc.*, 2005 WL 3113483 at * 1 (6th Cir. Nov. 21, 2005). The *Nixon* court held that, for purposes of the 28 U.S.C. § 1445(c) analysis, the plaintiff's cause of action for retaliatory discharge was created by the Tennessee Supreme Court, not by Tennessee's workers' compensation laws. *Id.*; *see also Van Cleave v. McKeen Baking Co.*, 712 S.W.2d 94, 95 (Tenn. 1986) (claim for damages for retaliatory discharge is not part of a workers' compensation claim but is a separate tort action).

In addition, other judges of this Court have held that a claim of retaliatory discharge for filing a workers' compensation claim is a common law tort created by the Tennessee Supreme Court and does not arise under the workers' compensation law. *See, e.g., Givens v. Batavia Services, Inc.,* 2013 WL 2178559 (M.D. Tenn. May 20, 2013)*; Trapp v. Wal-Mart Stores, Inc.*, 2012 WL 1813421 (M.D. Tenn. May 18, 2012); *Brasfield v. Martinrea Fabco Automotive Structures (USA), Inc.*, 2013 WL 1344911 (M.D. Tenn. April 1, 2013). Tennessee District Courts have also found that such claims are not removable unless the plaintiff's right to relief necessarily depends on resolution of a substantial question of Tennessee's workers' compensation law. *Id.*; *Morgan v. Aramark Uniform & Career Apparel, Inc.*, 2006 WL 51136 (M.D. Tenn. Jan. 9, 2006); *Gosnell v. Interstate Distributor Co.*, 2009 WL 1346051 (E.D. Tenn. May 11, 2009).

Here, Plaintiff brought his lawsuit in state court. His sole cause of action is a claim for constructive discharge in retaliation for filing his workers' compensation claim. Defendant removed the action based upon diversity of citizenship, and Plaintiff has moved to remand based upon 28 U.S.C. § 1445(c).

---

[3] Accordingly, the Sixth Circuit found that removal of the claim to federal court was proper. *Nixon* at * 1.

Plaintiff's claim does not find its origins in the state's workers' compensation statutes. Plaintiff's cause of action was a judicial creation of the Tennessee Supreme Court. Thus, it fails to meet the first prong of the *Harper* test, that the workers' compensation law created the cause of action. *Harper*, 392 F.3d at 203. With regard to the second prong, Plaintiff's right to relief does not necessarily depend on resolution of a substantial question of workers' compensation law. *Id*. As in *Nixon*, Plaintiff here has no means within the workers' compensation laws to enforce his right not to be discharged for filing workers' compensation claims or to recover money damages for a violation of that right. His remedy comes through the common law retaliatory discharge action, created in the *Clanton* case and applicable to all forms of retaliatory discharge in Tennessee.

For these reasons, the Court has reevaluated its prior position and, in light of the above cases, finds that Plaintiff's retaliatory discharge claim herein does *not* arise under the workers' compensation laws of this state and, therefore, is removable to this Court.

Accordingly, Plaintiff's Motion to Remand (Docket No. 6) is denied.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE